UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER: _____

ELIZABETH DONOHEW,

    Plaintiff,

vs.

AMERICA'S INSURANCE
ASSOCIATES, INC. d/b/a MOODY AGENCY,
and STEVEN ANDERSON, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ELIZABETH DONOHEW, by and through her undersigned counsel, and sues the Defendants, AMERICA'S INSURANCE ASSOCIATES, INC. d/b/a MOODY AGENCY, ("MOODY") and STEVEN ANDERSON, individually, and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendants.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5. At all times material hereto, Defendant, MOODY, was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

6. That at all times material hereto, Defendant, ANDERSON, individually, acted directly in the interests of his employer, the Defendant, MOODY, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, MOODY, and is otherwise an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since June 10, 2019.

8. Pursuant to Section 5 of the FFCRA, an employee qualifies for *paid* sick time if the employee is unable to work (or unable to telework) due to a need for leave because the employee "is caring for a child whose school or place of care is closed (or child care provider is unavailable) for reasons related to COVID-19."

9. With respect to Plaintiff, she was forced by her superiors to take unpaid, unprotected leave even after she requested a different arrangement on account of the fact that she had a daughter whose school was closed due to COVID-19.

10. Instead of extending her rights that had been created by the FFCRA specifically to address such situations, Defendants advised Plaintiff to simply drop her daughter at the YMCA for $95.00 per week.

11. When Plaintiff followed up by asking to use her PTO, Defendants told Plaintiffs that she was deemed to be on unpaid leave, suspending her, and it did not owe her anything.

12. Defendants committed such unlawful acts to another employee who similarly had a child whose school was closed, while also allowing other employees with no school grade children to work from home.

13. While on unpaid suspension, for merely needing FFCRA protection, and without being afforded the opportunity to return to work since she still had her child home, Plaintiff was forced to resign in an act on constructive discharge.

## COUNT I

## FFCRA INTERFERENCE-BOTH DEFENDANTS

14. The Plaintiff incorporates by reference paragraphs 1-13 herein.

15. At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

16. The DefendantS unlawfully interfered with the Plaintiff's exercise of her FFCRA rights by denying her benefits that she was afforded.

17. As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

18.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, ELIZABETH DONOHEW, requests that judgment be entered against the Defendants, MOODY and ANDERSON, for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: June 23, 2020.            Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920